**Sui Kang LI, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–6411–AG.**

United States Court of Appeals,
Second Circuit.

Feb. 17, 2006.

Sui Kang Li, New York, New York, for Petitioner, pro se.

Gretchen C.F. Shappert, United States Attorney, Western District of North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED.

Sui Kang Li, *pro se,* petitions for review of an order of the BIA affirming an immigration judge's ("IJ") order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Attorney Gen.,* 400 F.3d 963, 964 (2d Cir.2005) (per curiam); *Zhou Yun*

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

*Zhang v. INS*, 386 F.3d 66, 73 (2d Cir. 2004). Substantial evidence supports the IJ's credibility finding because Li gave wildly inconsistent testimony regarding matters at the heart of his claim, including when he began practicing Falun Gong, when he was almost arrested, and when he entered the United States. Li failed to establish a consistent, logically coherent timeline for such events.

Contrary to Li's assertions, the BIA did not err by failing to address the points raised in Li's brief. This Court has upheld the BIA's streamlining procedure, which allows a single member of the Board to affirm an IJ's decision without opinion. *See Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 156–57 (2d Cir.2004).

Accordingly, we deny the petition for review. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).